IN THE CIRCUIT UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
RECEIVED

MALCOLM HERRING,

      Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, d/b/a STATE FARM
INSURANCE COMPANIES,

      Defendants.

2007 SEP 13  A 11: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

2:07CV 823 - MEF

Case No. CV-07-1192

## NOTICE OF REMOVAL

COMES NOW Defendant, State Farm Mutual Automobile Insurance Company

(hereinafter "State Farm") and gives notice of removal of the above-styled action

from the Circuit Court of Montgomery County, Alabama to the United States District

Court for the Middle District of Alabama, Northern Division. As grounds for the

removal of this action, Defendant avers the following:

     1.     Upon information and belief Plaintiff Malcolm Herring was and is a

citizen of the State of Alabama residing in Montgomery County, Alabama.

     2.     Defendant State Farm Mutual Automobile Insurance Company is a

corporation organized and existing under the laws of the State of Illinois, with its

principal place of business in the State of Illinois. Defendant State Farm is a citizen

of the State of Illinois.

3.      Defendant State Farm was served on or about August 14, 2007 by Complaint. A copy of the Complaint and its exhibits are attached hereto as Exhibit "A."

4.      Plaintiff served with the Summons and Complaint consolidated Interrogatories and Request for Production. A copy of the consolidated discovery is attached hereto as Exhibit "B." Other than the consolidated discovery mentioned above, no other proceedings have taken place in state court as to the subject matter of Exhibit "A."

5.      This action is subject to removal on the basis of diversity of citizenship in that Plaintiff was and is a resident and citizen of the State of Alabama and Defendant State Farm Mutual Automobile Insurance Company is a corporation with its principal place of business in the State of Illinois.

6.      Defendant State Farm maintains that removal of the action initiated by Plaintiff is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

7.      In addition to diversity of citizenship among the real and proper parties

to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy has been met. In the prayer for relief of Count I of the Complaint, Plaintiff specifically demands judgment against Defendant State Farm in the amount of $60,000, plus interest and costs. In Count II of the Complaint, Plaintiff asserts that Defendant State Farm denied the UIM claim in bad faith by failing to pay to Plaintiff the face value of the two automobile policies of insurance totaling $40,000. (See Complaint ¶ 37). Further, the prayer for relief in Count II of the Complaint seeks compensatory and punitive damages plus interest and costs. (See Plaintiff's Complaint). Based on the plain language of the Complaint, the aggregate amount of compensatory damages specifically sought in Counts I and II plus punitive damages, interest and costs well exceeds the removal jurisdictional amount.

8.    When the Court must determine whether the amount in controversy has been met for jurisdictional purposes, "the court must consider a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Lowe's OK'd Used Cars, Inc. v. Acceptance, Ins. Co.,* 995 F.Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Holley Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531 (11th Cir. 1987). Again, State Farm in no way concedes the fact that any wrong was

committed, or that punitive damages are even appropriate in this case, (and, in fact, State Farm denies same.)  However,  a punitive damage award combined with the specific compensatory damage relief sought  by Plaintiff exceeds the jurisdictional amount.

9.    This petition is filed with this Court within 30 days of service of process on this Defendant.

10.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and since Defendant State Farm is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

11.    Notice of the Defendant's removal of the above-styled  action has been given to the Clerk of the Circuit Court of Montgomery County, Alabama, and to Plaintiff, as required by 28 U.S.C. § 1446(d).  See Exhibit "C" attached hereto.

WHEREFORE, Defendant has removed this action from the Circuit Court of Montgomery  County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

MICHAEL B. BEERS [BEERM4992]
CONSTANCE T. BUCKALEW [BUCKC3785]
ANGELA TAYLOR BAKER [TAYLA2713]
Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Maricia Woodham
M. Wayne Sabel
**Sabel & Sabel, P.C.**
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106

on this the 13th day September, 2007.

Of Counsel

RECD EXECUTIVE

AUG 1 4 2007

*Robin Walle*

8:30

*certified mail*

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

MALCOLM D. HERRING, JR.,     )

     Plaintiff,     )

                     )

v.                         )     CASE NO.: CV-2007-1192

                     )

STATE FARM MUTUAL       )

AUTOMOBILE INSURANCE     )

COMPANY, d/b/a STATE        )

FARM INSURANCE COMPANIES,   )

                     )

     Defendants.     )

(01-6636-980)

### SUMMONS

     This service by certified mail of the Summons is initiated upon the written requests of Plaintiff's attorney pursuant to Rule 4.1(c), 4.2(b)(1) or 4.4(b)(1) of the Alabama Rules of Civil Procedure.

**NOTICE TO:**

        State Farm Mutual Automobile Insurance Company
        d/b/a State Farm Insurance Companies
        100 State Farm Parkway
        Birmingham, Alabama 35297

     The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. Each Defendant is required to serve a copy of a written Answer to the Complaint upon MARICIA WOODHAM, attorney of record for the Plaintiff, whose address is Hillwood Office Center, 2800 Zelda Road, Suite 100-5, Montgomery, Alabama 36106, within thirty (30) days after serve of this Summons excluding the day of service of the Summons and to file the original of said written Answer with the Clerk of this Court at the time of service of the answer upon the attorney of record for the Plaintiff or within a reasonable time thereafter. If any Defendant fails to do so, a Judgment of Default may be entered against that Defendant for the relief complained of in the Complaint.

     This the  31st  day of  July  , 2007.

                                   *Melissa Pittman* , MW
                                  Clerk or Deputy Clerk

     The Plaintiff respectfully requests that this Defendant be served by certified mail, return receipt requested.

                         *Marcia Woodham*
                         MARICIA WOODHAM, BEN050

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 JUL 30 PM 2:19

EXHIBIT
A

PENGAD 800-631-6989

1

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

MALCOLM D. HERRING, JR.,              )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CASE NO.: CV-2007- 1192
                                      )
STATE FARM MUTUAL AUTOMOBILE)          JURY DEMAND
INSURANCE COMPANY, d/b/a STATE )
FARM INSURANCE COMPANIES,             )
                                      )
        Defendants.                   )

## COMPLAINT

Plaintiff Malcolm D. Herring, Jr. asserts the following claims for relief against the

Defendant:

## PARTIES

1.      Plaintiff Malcolm D. Herring, Jr. is over the age of 19 and is a resident of

        Montgomery County and State of Alabama at all times relevant to this

        Complaint.

2.      Defendant is a corporation, organized and existing under the laws of the

        State of Alabama, and engaging in the business of issuing insurance

        policies in Montgomery County, Alabama.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject and the parties in this

        Complaint.

4.      Venue is proper in this Court in that this action arose within Montgomery

        County, Alabama.

## COUNT I – NEGLIGENCE

5.  On August 2, 2005, in Montgomery County, Alabama, Plaintiff was the driver of a 1995 Chevrolet Suburban traveling South on Perry Hill Road.

6.  At that time and place, David Hooks ("Hooks"), was the driver of a 1985 Olds Cutlass motor vehicle, and negligently and/or wantonly operated his vehicle so as to cause it to collide with a car being driven by Nancy Beeman, causing Beeman's vehicle to collide with Plaintiff's vehicle.

7.  At that time and place, Hooks was traveling too close behind the vehicle driven by Nancy Beeman.

8.  Hooks owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle and breached that duty when he failed to operate his vehicle in a safe, reasonable and prudent manner.

9.  As a direct and proximate result of the breach of duty by Hooks and his negligence and/or wantonness, Plaintiff sustained severe injuries and damages, including but not limited to:

    a.  injury to his back and neck and shoulder;

    b.  rotator cuff injury;

    c.  medical expenses and physician's fees;

    d.  rehabilitation treatment for those injuries;

    e.  experiencing pain and suffering;

    f.  and other consequential damages

10. Hook's fault and liability for Plaintiff's injuries was determined, clear and obvious. Plaintiff was determined to be without fault.

11.     Hooks had a small policy of liability insurance with GMAC with a policy limit of $20,000.

12.     Hooks' policy was insufficient to compensate Plaintiff for his injuries.

13.     GMAC offered to pay to Plaintiff the policy limits of Hooks' policy.

14.     Plaintiff requested that Defendant approve GMAC's offer and waive its subrogation rights.

15.     Plaintiff notified Defendant that because Hooks was underinsured with policy limits that did not fully compensate Plaintiff for his injuries, Plaintiff claimed coverage under Plaintiff's uninsured/underinsured coverage with Defendant.

16.     At the time of the accident, Defendant insured Plaintiff's 1995 Chevrolet Suburban under Policy # 4792844-D01-01C. In a separate policy, #6060482-B17-01C, Defendant also insured one other vehicle owned by Plaintiff and his wife, which policy was also in effect on the date of the accident.

17.     Further, Plaintiff timely provided Defendant with all medical records and documentation related to the collision and damages.

18.     With all of the above information at its disposal and having received notice of Plaintiff's claim of uninsured/underinsured motorist coverage, Defendant, on or about April 10, 2007, approved settlement of Plaintiff's claim against Hooks, and waived its subrogation rights. (See Exhibit A).

19.     On or about April 19, 2007, Plaintiff did settle with Hooks and received the GMAC policy limits of $20,000.

20. Plaintiff will incur medical expenses in the future due to the nature of his injuries.

21. Plaintiff is unable to have any surgical procedures because of his history of blood clots and the prescribed long term and continuing usage of the drug Coumadin.

22. Plaintiff is required to have cervical facet blocks approximately every eight to ten weeks for the neck, shoulder and back pain that he continues to experience as a result of the accident.

23. Plaintiff's injury is permanent.

24. Plaintiff's injuries and damages far exceed the amount received from Hooks.

25. Defendant notified Plaintiff that it would not make any payments to Plaintiff pursuant to the underinsured motorist coverage contained in Plaintiff's policies with Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $60,000, plus interest and costs.

## COUNT II

26. Plaintiff incorporates by reference the allegations of Count I above if set forth again in full.

27. Defendant is engaged in the business of selling automobile insurance.

28. Defendant issued a contract of automobile insurance to Plaintiff, Malcolm D. Herring, Jr., a copy of the insurance card and acknowledgment of

insurance by Defendant's agent Joe Hall is attached as Exhibit B. The policy contains uninsured/underinsured motorist coverage of $20,000.

29.    At the time of the accident, Defendant also insured one other vehicle owned by Plaintiff and his wife with uninsured/underinsured motorist coverage of $20,000.

30.    Hooks was underinsured, as his GMAC policy limit of $20,000, did not approach full or adequate compensation to Plaintiff for his damages.

31.    On or about February 2007, Plaintiff made a claim with Defendant on the said policies with Defendant for uninsured/underinsured motorist coverage in the face amount of $40,000.

32.    Defendant intentionally refused and failed to pay Plaintiff's claim under said policies and denied same without lawful justification.

33.    Defendant's refusal to pay said claims was not based upon any reasonably legitimate, arguable, or debatable reason.

34.    Defendant knew that there was no legitimate, arguable, or debatable reason for denying the claim when Defendant refused to pay said claim.

35.    Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

36.    Defendant acted in bad faith in refusing to pay said claim.

37.    Defendant breached the obligation of good faith and fair dealing by engaging in a course of conduct to further its own economic interests and in violation of its contractual and legal obligation to Plaintiff, including but not limited to:

A.     Failing to attempt in good faith to effectuate a prompt, fair and

equitable settlement of Plaintiff's claim where the obligation to

pay the policy limit of only $40,000, had become reasonably clear

in light of Plaintiff's serious injuries; and

B.     Defendant's intentional refusal to pay Plaintiff's claim.

35.     Defendant's breach of its obligation of good faith and fair dealing

constitutes the tort of bad faith.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory

and punitive damages, interest and costs.

Respectfully submitted this _30th_ day of July, 2007.

*Maricia Woodham*
MARICIA WOODHAM (BEN 050)
Attorney for Plaintiff

*M. Wayne Sabel*
M. WAYNE SABEL (SAB002)
Attorney for Plaintiff

**OF COUNSEL:**

SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Rd.; Suite 100-5
Montgomery, AL 36106
Telephone: (334) 271-2770
Facsimile: (334) 277-2882

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES CONTAINED
IN THIS COMPLAINT.

*Maricia Woodham*
MARICIA WOODHAM
One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Complaint has been served upon the following:

State Farm Mutual Automobile Insurance Company
d/b/a State Farm Insurance Companies
100 State Farm Parkway
Birmingham, Alabama 35297

By delivering same to the Circuit Court Clerk's office for Montgomery County, Alabama, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 30ᵗʰ day of July_____, 2007.

_Marcia Woodham_
MARICIA WOODHAM

LAW OFFICES

# Sabel & Sabel

### A PROFESSIONAL CORPORATON

WWW.SABELLAW.COM

M. WAYNE SABEL
waynesabel@sabellaw.com

MARK SABEL
marksabel@sabellaw.com

MARICIA WOODHAM*
mwoodham@sabellaw.com

HILLWOOD OFFICE CENTER
2800 ZELDA ROAD, SUITE 100-5
MONTGOMERY, ALABAMA 36106
TELEPHONE: (334) 271-2770
FACSIMILE: (334) 277-2882
*ALSO ADMITTED IN MA & NH

### VIA FACSIMILE AND U.S. MAIL
April 10, 2007

Christine Hackler
GMAC Insurance
P.O. Box 1623
Winston Salem, NC 27102

RE:   Our Client:         Malcolm Herring, Jr.
      Your Insured:       David Hooks
      Insured Vehicle:    1985 Oldsmobile Cutlass
                          (VIN# 1G3R47YDFP330227)

      Date of Loss:       August 2, 2005

Dear Ms. Hackler:

I write to inform you that we have been informed by State Farm Insurance that they will consent to your settlement offer and waive all subrogation rights for the above referenced claim. Further, the name of Mr. Herring's spouse is Francis Diane Herring.

Should you need any additional information, do not hesitate to contact me.

Sincerely,

Maricia Woodham
One of the Attorneys for Malcolm Herring, Jr.

cc:   Malcolm Herring, Jr.

      Al Williamson
      State Farm Insurance Company
      P.O. Box 830852
      Birmingham, AL 35283-0852

PLEASE KEEP THIS COPY WITH YOU

**CAR INSURANCE CARD**
POLICY NUMBER 479 2844-D01-01C
INSURED
HERRING, MALCOLM D JR

EFFECTIVE DATE
APR-01-2005

EXPIRATION DATE
OCT-01-2005

CAR-YEAR/MAKE/VEHICLE IDENTIFICATION NUMBER
1995 CHEVROLET SUBURBAN SPORT W
1GNEC16K2SJ355218

CAR COVERAGES (SEE REVERSE FOR COVERAGE NAMES) CAR
A   BODILY INJURY/PROPERTY
    DAMAGE LIABILITY
C   MEDICAL PAYMENTS
D   COMPREHENSIVE
G   COLLISION $50
H, RI, U, S

AGENT HALL, JOE F
P O BOX 230340
MONTGOMERY, AL 36123

PHONE# 334-270-2723
STATE FARM INSURANCE COMPANIES



PLAINTIFF'S
EXHIBIT B
FOR IDENTIFICATION
DATE:      RPTR:

IF YOU HAVE AN ACCIDENT-
NOTIFY POLICE IMMEDIATELY

1. Write down names, addresses, telephone numbers, and license numbers of persons involved and of witnesses. Also write down the license plate number and state of each vehicle involved.

2. Notify State Farm Agent promptly. (If any injured, phone nearest State Farm Agent or Claim Office. If necessary, call information in nearest large town.)

3. Do not admit fault. Do not discuss the accident with anyone except State Farm or Police.

190-4150 c.5

**HOW TO IDENTIFY YOUR COVERAGES**

SEE POLICY FOR FULL NAME AND DEFINITION
(All coverages not available in all states.)

| | | | |
|---|---|---|---|
| A or AB | Liability (Bodily Injury/Property Damage) | R | Car Rental |
| C, M | Medical Payments | R1, R2 | Car Rental and Travel Expenses |
| D | Comprehensive or Other Than Collision (OTC) | S | Death, Dismemberment |
| | | T | Disability |
| DWG | Comprehension with Full Glass | U | Uninsured Motor Vehicle |
| E | Fire, Theft, Other Specified Perils | U | Underinsured Motor Vehicle in Washington |
| F, G, or J | Collision | U2 | Uninsured and Underinsured Motor Vehicle-PD |
| H | Emergency Road Service | | |
| L | Physical Damage | UNOC | Use of Nonowned Cars |
| N | Property Protection (plans varies by state) | W | Underinsured Motorist |
| | | Y | Limited Property Damage Liability (Michigan) |
| P, Q | Personal Injury/No Fault (Name varies by state) | Z | Loss of Earnings |

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

MALCOLM D. HERRING, JR.,          )
                                  )
        Plaintiff,                )
                                  )
v.                                )          CASE NO.: CV-2007-____
                                  )
STATE FARM MUTUAL                 )
AUTOMOBILE INSURANCE              )
COMPANY, d/b/a STATE              )
FARM INSURANCE COMPANIES,         )
                                  )
        Defendants.               )

### PLAINTIFF'S INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff, MALCOLM D. HERRING, JR., and pursuant to the Alabama

Rules of Civil Procedure 26, 33 and 34, propounds to the Defendant, State Farm Mutual

Automobile Insurance Company, d/b/a State Farm Insurance Companies (referred to herein as

"Defendant") the following interrogatories and requests for production of documents:

### I. INSTRUCTIONS

Responses to these discovery requests shall be made in writing and under oath and

otherwise in compliance with the Alabama Rules of Civil Procedure.

### DEFINITIONS

A.     "Plaintiff" as used in this document means the named Plaintiff, his personal

representatives, agents, assigns, attorneys, and all other persons acting or

purporting to act on his behalf.



EXHIBIT

B

B.   "Defendant" as used in this document means the named Defendant; State Farm Mutual Automobile Insurance Company, d/b/a State Farm Insurance Companies, its representatives, agents, assigns, attorneys, employees, divisions, department, agencies, and all other persons acting or purporting to act on its behalf.

C.   "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

D.   The term "document" is used as defined in Rule 34(a)(1) of the Alabama Rules of Civil Procedure and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery namely, notes, correspondence, communications of any nature; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports/ and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiation; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; and voice mail recordings.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of

this request.

E.   "Communications," as used in this document, means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other form of verbal exchange, whether oral or written.

F.   As used herein, "relating to" or "evidence" means, refers to, reflects upon or is in any way logically or factually connected with the matters discussed.

G.   If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

H.   If the requested documents are known by Defendant to exist but are not in the possession of Defendant, its agents or attorneys or any of them, it is requested that Defendant so indicate or produce documents that show the name of the person or entity in whose custody such documents are.

I.   If there are no documents in your possession, custody or control which are responsive to a particular request, so state and identify such request.

J.   When referring to a person, "identify" means to name the person and the position he or she occupied and further state whether he or she is still employed by the Defendant and if not, give his or her last known address.

K.   If any documents falling within any description contained in any of the following requests is withheld under claim of privilege or work product, please provide a written list of the withheld documents, including the following information as to each such item: (1) its date, (2) the names(s) of the person(s) who drafted,

authored or prepared it; (3) his or her title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

L.    In construing this request, the following rules are applicable:

    (1)    The singular shall include the plural, and the plural shall include the singular;

    (2)    The masculine, feminine or neutral pronouns shall include all other genders; and

    (3)    Each request shall extend to all documents, which are or have been in the possession or subject to the control of the Defendant it officers, agents or employees during the relevant time period.

M.    The production requests contained herein shall be deemed to be continuing in nature and shall include documents herein below described which are discovered after any initial production of documents in compliance therewith. Any such documents shall be produced in accordance with this Request to Produce within thirty (30) days after discovery thereof.

## INTERROGATORIES

1.    Identify each and every policy which the Plaintiff has had with Defendant for the last ten years, including policy numbers, dates, coverages, exclusions and liability

limits.

2. State whether Defendant continues to have copies of any policies described in the previous answer.

3. State the date and manner Defendant carrier first received notice of the claim at issue in this lawsuit, including identity of person receiving such notice.

4. Describe in detail the investigation, if any, Defendant conducted into the claim at issue in this lawsuit.

5. State each and every basis upon which Defendant has denied coverage or the basis for its defense for the claim at issue in this lawsuit.

## REQUEST FOR PRODUCTION

1. Copies of all policies Plaintiff had with Defendant at the time of the accident which is the subject of this lawsuit, including the declaration pages of said policies.

2. Produce copies of any rules, regulations or written guidelines upon which Defendant relies upon in this case for the purpose of deciding to deny or otherwise limit coverage or its defense of the claim in this lawsuit.

3. A detailed billing history regarding Plaintiff for every premium which has been due for any policy, including the ones at issue in this lawsuit, including the dates upon which the bills were issued and dates which payments were received.

4. A copy of each and every communication Defendant has had with any other insurance carrier concerning the accident or claim at issue in this lawsuit.

5. Produce copies of any documents Defendant identified in its answers to

interrogatories.

6.  Copies of any drawings, maps, and charts, diagnosis or other representation of the same of the accident or of any other aspect of the accident the subject of this claim.

7.  Copies of any movie and videotape, or other reproduction of the accident scene.

8.  Copies of any and all statements the Plaintiff has made concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff and contemporaneously recorded.

9.  Copies of all documents received from subpoenas to any third parties as a result of the accident made the basis of this lawsuit.

10. Copies of statements obtained from any witness which are not privileged and which have been reduced to writing in writing in some fashion relating to the accident.

11. Copies of any police reports or records obtained which relate to this accident.

12. A copy of Defendant's investigative file in this case.

Respectfully submitted this the 30th day of July 2007.

Marcia Woodham (BEN050)
One of the Attorneys for
Malcolm D. Herring, Jr.

OF COUNSEL:

SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road, Ste. 100-5
Montgomery, Alabama 36106
Telephone:     (334) 271-2770
Facsimile:     (334) 277-2882

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Interrogatories and Request for Production of Documents has been served upon the following along with the Complaint:

State Farm Mutual Automobile Insurance Company
d/b/a State Farm Insurance Companies
100 State Farm Parkway
Birmingham, Alabama 35297

By delivering same to the Circuit Court Clerk's office for Montgomery County, Alabama, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 30th day of July, 2007.

Maricia Woss

MARICIA WOODHAM

7



$001.31

02 1P
0004588731
MAILED FROM ZIP CODE 36108

$004.25

02 1P
0004588731
MAILED FROM ZIP CODE 36108

REC'D EXECUTIVE

AUG 14 2007

State Farm Mutual Automobile Ins. Co.
d/b/a State Farm Insurance
100 State Farm Parkway
Birmingham, AL 35297

7006 0810 0000 4005 0232

CERTIFIED MAIL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MALCOLM HERRING,

    Plaintiff,

vs.                             Case No. CV-07-1192

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, d/b/a STATE
FARM INSURANCE COMPANIES,

    Defendants.

*(right side of caption)*
RECEIVED
2007 SEP 13  A 11: 00
DEBRA P. HACKETT, CLK
CIRCUIT COURT
MIDDLE DISTRICT ALA

)
)
)
)
)
)
)
)
)
)

**NOTICE TO STATE COURT OF REMOVAL OF ACTION**

To:   Melissa Rittenour, Clerk
       Montgomery County Circuit Court
       Montgomery, Alabama

      Please take notice that Defendant, State Farm Mutual Automobile Insurance Company  has

this date filed a Notice of Removal, a copy of which is attached hereto as Exhibit "A," in the Office

of the  Clerk  of the  United  States  District Court  for  the  Middle  District  of  Alabama,  Northern

Division.

                                  *(signature)*
                            **MICHAEL B. BEERS [BEE006]**
                            **CONSTANCE T. BUCKALEW [BUC015]**
                            **ANGELA TAYLOR  BAKER [TAY062]**
                            Attorneys  for  Defendant  State  Farm  Mutual
                            Automobile Insurance Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax



EXHIBIT

**C**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Maricia Woodham
M. Wayne Sabel
**Sabel & Sabel, P.C.**
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106

on this the 12th day of Sept , 2007.

Of Counsel

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000422
Cashier ID: cstrecke
Transaction Date: 09/13/2007
Payer Name: BEERS ANDERSON JACKSON PATTY
------------------------------------
CIVIL FILING FEE
 For: BEERS ANDERSON JACKSON PATTY
 Case/Party: D-ALM-2-07-CV-000823-001
 Amount:         $350.00
------------------------------------
CHECK
 Remitter: BEERS ANDERSON JACKSON
 Check/Money Order Num: 28826
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM207CV000823-MEF

MALCOLM HERRING V STATE FARM MUTUAL

BEERS ANDERSON JACKSON ET AL

P O BOX 1988
MONTGOMERY, AL  36102
```