IN THE CIRCUIT UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MALCOLM HERRING, | ) |
| Plaintiff, | ) |
| | ) 2:07CV 823 -MEF |
| vs. | ) Case No. CV-07-1192 |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, d/b/a STATE FARM | ) |
| INSURANCE COMPANIES, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS BREACH OF CONTRACT AND BAD FAITH CLAIMS**

**COMES NOW** Defendant State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm"), and moves this Honorable Court to enter an Order dismissing Plaintiff's Complaint filed on June 30, 2007, as being premature. In support of the motion, State Farm sets forth the following:

**I. FACTUAL BACKGROUND**

1. On August 2, 2005, Plaintiff was traveling south on Perry Hill Road in Montgomery, Alabama. At the same time and place, non-party David Hooks negligently and/or wantonly operated his vehicle so as to cause it to collide with a vehicle being driven by non-party Nancy Beeman, causing non-party Beeman's

vehicle to collied with Plaintiff's vehicle. (See Plaintiff's Complaint, ¶ 5 and 6). As a result of said accident, Plaintiff alleges he suffered severe injuries and damages. (See Plaintiff's Complaint, ¶ 9).

2. At the time of the incident, non-party David Hooks was insured by GMAC Insurance which afforded Twenty Thousand Dollars and No/100 ($20,000) total coverage under the policy of insurance. State Farm waived its subrogation rights[1] and Plaintiff settled with non-party Hooks for the $20,000 policy limits of the GMAC insurance policy. (See Plaintiff's Complaint, ¶¶11, 18 and 19).

3. Plaintiff, through his automobile insurance policy with State Farm, received policy limits for Medical Payment Coverage in the amount of Five Thousand Dollars and No/100ths ($5,000).

4. After receiving policy limits from GMAC Insurance, Plaintiff sought Underinsured Motorist (hereinafter "UIM") benefits from State Farm in the amount of $40,000 as a result of "stacking" two automobile insurance policies issued by

---

[1] When tendered a settlement with the underlying tortfeasor, an uninsured/underinsured motorist carrier has the option to either; (1) advance the amount of the settlement to the Plaintiff to protect its subrogation rights against the tortfeasor; or (2) to waive subrogation and allow the settlement to proceed with the tortfeasor being released. (*See Morgan v. Safeway Ins. Co. of Alabama, Inc.*, --- So.2d ----, 2007 WL 1866768 at * 2 - 3, Ala.Civ.App.,2007).

State Farm. (See Plaintiff's Complaint, ¶31).

5. Although Count I of Plaintiff's Complaint is entitled "Negligence," the substance of Count I alleges breach of contract against State Farm for its refusal to pay UIM benefits to Plaintiff under the two policies of insurance. (See specifically Plaintiff's Complaint, ¶ 25). Count II of Plaintiff's Complaint asserts a claim of bad faith against State Farm for its intentional refusal to pay any UIM benefits under the two automobile policies of insurance without lawful justification. (See specifically Plaintiff's Complaint, ¶32).

## II. STANDARD OF REVIEW

This Court is well acquainted with the standard of review in considering motions to dismiss pursuant to Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE, such that the standard need not be repeated in detail here. Defendant State Farm seeks review of this action pursuant to FED.R.CIV.P. 12(b)1) and 12(b)(6).

FED.R.CIV.P. 12(b)(1) challenges the subject matter jurisdiction of an action including whether an action is ripe for adjudication. *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). The ripeness doctrine "seeks to avoid entangling the courts in the hazards of premature adjudication." *Id.* at 589. Further, "Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations.'" *Blackston v. State of Ala.*, 30 F.2d 117, 120 (11th Cir. 1994) quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). *See also Cannon v. Macon Co.*, 1 F.3d 1558 (11th Cir. 1993). Therefore, dismissal is appropriate where, under any set of facts which could be proven, Plaintiffs would be entitled to no relief. *See e.g., Hartford Fire Ins. Co. v. California*, 113 S,Ct. 2891, 125 L.Ed.2d 612 (1993), *on remand In re Insurance AntiTrust Litigation*, 5 F.3d 1556 (1994); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Woods v. Internal Revenue Service*, 3 F.3d 403 (11th Cir. 1993); *Madison v. United States*, 752 F.2d 607 (11th Cir. 1985).

### III.  LAW AND ARGUMENT

Under Ala. Code 1975 § 32-7-23(c):

> The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus each additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract.

State Farm acknowledges that, under the statute, it would be required to pay, up to policy limits, the amount its insured "was 'legally entitled to recover' from the underinsured motorist," *Hill v. Campbell*, 804 So. 2d at 1112, if the tortfeasor was found to be liable and the amount of damages was established.

Any claim, however, for punitive damages against State Farm under a bad faith

theory would have to be premised on a breach of the contract language that exists between State Farm and its insured after liability has been established against the tortfeasor **and the extent of damages have been proven**. It is well settled through over a decade of decisions from the Alabama Supreme Court that there is no claim for a breach of the insurance contract, let alone for bad faith, where there exists a dispute of either liability or damages in the context of UIM coverage. This was explained in *Pontius v. State Farm Mutual Automobile Insurance Company*, 915 So. 2d 557 (Ala. 2005). Relying on *LeFevre v. Westberry*, 590 So. 2d 154 (Ala. 1991) and *Quick v. State Farm Mut. Auto. Ins. Co.*, 429 So. 2d 1033 (Ala. 1983), the *Pontius* court concluded that "State Farm could not legitimately be charged with a breach of contract of insurance . . . or of a bad faith refusal to pay UIM benefits . . . until the plainly demonstrated, legitimate issues of fault **and damages** are resolved." *Pontius*, 915 So. 2d at 561 (boldness added). Returning to *LeFevre* to explain the relationship between the insured and the insurer in the UM/UIM context, the *Pontius* court noted the hybrid aspect of the claim "in that it blends the features of both first-party and third-party coverage." *Pontius*, 915 So. 2d at 563.

> The first party aspect is evident in that the insured makes a claim under his own contract. At the same time, however, third-party liability principles also are operating in that the coverage requires the insured to be 'legally entitled' to collect – that is, the insured must be able to

> establish fault on the part of the uninsured motorist **and must be able to prove the extent of the damage to which he or she would be entitled.**

*Id.* at 563 (boldness added). In *Nationwide Ins. Co. v. Nilsen*, 745 So.2d 264, 267 (Ala. 1998) the court held that "[I]t is the insured's obligation to satisfy all contractual conditions precedent to coverage before bringing a claim for breach of the insurance contract." The law of Alabama is well settled that before Plaintiff could state a claim for breach of contract or bad faith against State Farm for the alleged non-payment of UIM benefits, Plaintiff must first satisfy the contractual condition precedent of establishing that he is "legally entitled to recover" as that language is used in both the State Farm contract and in the Alabama Uninsured Motorist Act. *See LeFevre v. Westberry*, 590 So. 2d 154, 157 (Ala. 1991). To be "legally entitled to recover" damages, the insured must establish fault on the part of the uninsured motorist, which gives rise to damages, and must then prove the extent of those damages. *See Id.* (citing *Quick v. State Farm Mut. Auto. Ins. Co.*, 429 So. 2d 1033, 1035 (Ala. 1983)). Until both liability and damages are fixed, there is no basis for maintaining either a contract claim or a tort claim for bad faith premised on conduct prior to that time. Bad faith against the insurer must be based on subsequent bad faith conduct after liability and damages are fixed. *See LeFevre*, 590 So.2d at 159.

In *Pontius*, the court noted that Pontius could not maintain a claim for bad faith against State Farm arising out of the UIM coverage until Pontius had demonstrated "that she was 'legally entitled to recover' damages for bad-faith failure to pay under the policy, and she 'must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, **and must be able to prove the extent of those damages.**'" *Id.* at 564, quoting *LeFevre*, 590 So. 2d at 157, which quotes *Quick*, 429 So. 2d at 1035. (boldness added).

The whole thrust of Plaintiff's Complaint is that State Farm has breached the contract of insurance and acted in bad faith because it failed or refused to pay UIM benefits to Plaintiff after a settlement was reached with non-party Hook's insurance carrier. The rights and responsibilities of Plaintiff and State Farm are governed by the policy of insurance and the case law that has evolved interpreting same. As clearly explained by the *Pontius* court above, before a right to the UIM benefits even kicks in, the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, **and must be able to prove the extent of those damages.**'" *Id.* at 564, quoting *LeFevre*, 590 So. 2d at 157, which quotes *Quick*, 429 So. 2d at 1035. (boldness added). In the more recent matter of *State Farm Mut. Auto. Ins. Co. v. Smith*, 956 So.2d 1164 (Ala.Civ.App. 2006), the court, in reversing and remanding with instructions a jury verdict for the entry of a judgment

based on bad faith prior to the establishment of damages, quoted *LeFevre, supra* again: "[t]he court held, therefore, that the insurer could not be liable for bad faith because "the record reveals a legitimate dispute between the insurer and the insured relating to the amount of liability of the uninsured motorist. *Id.* at 162." *Smith*, at 1169. The *Smith* court then concluded:

> Because Smith had not established the extent of his damages and because State Farm disputed whether all the damages claimed by Smith were attributable to the May 1997 accident, State Farm's decision not to authorize payment of all or part of Smith's UM/UIM benefits could not have amounted to bad faith.

*Smith*, at 1170.

Plaintiff has made a demand for UIM benefits from State Farm but Plaintiff has not yet proved that he is "legally entitled to collect" and proved that the extent of his injuries are above the settlement received from non-party Hooks' carrier and the MPC benefits previously paid by State Farm. The *Pontius*, *LeFevre*, *Quick* and *Smith* rulings unambiguously state that until the extent of those damages have been ascertained State Farm cannot be in breach of the policy; nor can it have acted in bad faith. Plaintiff's attempt to recover damages under a theory of breach of contract or bad faith is premature.

**WHEREFORE, the above premises considered**, Defendant State Farm moves this Honorable Court for the entry of an Order dismissing this action as the

causes of action set forth in Plaintiff's Complaint are not ripe for adjudication.

*/s/ Angela Taylor Baker*
MICHAEL B. BEERS [BEERM4992]
CONSTANCE T. BUCKALEW [BUCKC3785]
ANGELA TAYLOR BAKER [TAYLA2713]
Attorneys for Defendant State Farm Mutual Automobile Insurance Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Maricia Woodham
M. Wayne Sabel
**Sabel & Sabel, P.C.**
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106

on this the 13th day of September, 2007.

_____
Of Counsel