IN THE CIRCUIT UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MALCOLM HERRING,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. 2:07-cv-823
                                    )
STATE FARM MUTUAL                   )
AUTOMOBILE INSURANCE                )
COMPANY, d/b/a STATE FARM           )
INSURANCE COMPANIES,                )
                                    )
        Defendants.                 )

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant State Farm Mutual Automobile Insurance Company and replies in support of its Motion to Dismiss as follows:

The three main theories advanced in Plaintiff's opposition to State Farm's Motion to Dismiss are Plaintiff's contentions (1) that there is no definitive answer to when an action for bad faith may be maintained for the improper handling of a UM/UIM claim; (2) that fault and liability have already been determined and (3) that State Farm has somehow waived its right to contest the UIM benefits Plaintiff seeks because State Farm allegedly did not question the severity of Plaintiff's losses or otherwise dispute Plaintiff's damages. All three theories set forth by Plaintiff are unpersuasive and not supported by the facts or Alabama law.

A.    **Plaintiff's First and Second Theory**

Plaintiff's first and second theory can be discussed together as they are both governed by the same legal standard.  Plaintiff asserts that there is no definitive answer to the question of when an action for bad faith may be maintained for the improper handling of a UM/UIM claim.  The Alabama courts have directly considered on several occasions "when a UM/UIM insurance carrier's failure to pay benefits to its insured can amount to bad faith" and that an analysis depends of the facts of each case.  *State Farm Mutual Automobile Insurance Company v. Smith*, 956 So.2d 1164, 1168 and 1169 (Ala. Civ.App. 2006), also citing *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557 (Ala. 2005); *Shelter Mut. Ins. Co. V. Barton*, 822 So.2d 1149 (Ala. 2001); *LeFevre v. Westberry*, 590 So.2d 154 (Ala. 1991); *Bowers v. State farm Mut. Auto. Ins. Co.*, 460 So.2d 1288 (Ala. 1984); and *Quick v. State Farm Mut. Auto. Ins. Co.*, 429 So.2d 1033 (Ala. 1983).

Alabama law specifically holds that there can be no breach of contract and no bad faith of an UM/UIM claim "until the insured proves that he is legally entitled to recover." *Smith* at 1168, quoting *Quick*, 429 So.2d at 1035.  The Alabama Supreme Court explained what was meant by "legally entitled" to recover and/or collect as "the insured must be able to establish fault on the part of the uninsured motorist and must be able to prove the extent of the damage to which he or she would be entitled." *Smith*, 956 So.2d at 1168, quoting *Quick*, 429 So.2d at 1035.  A cause of action for

bad faith does not arise **prior** to that time.  *Smith*, 956 So.2d at 1169 (emphasis added).  In the case at bar, the liability of the other driver has not been fixed, Plaintiff has not proved the extent of his damages and that he is legally entitled to collect or recover said damages.  Therefore, Plaintiff at this point cannot sustain causes of action for breach of contract and/or bad faith.

The facts and legal issues in the present case are identical to those in the *Smith* case.[1]  In  *Smith*, Billy Smith was injured in an automobile accident and the other driver had policy limits of $25,000.  State Farm waived subrogation, the other driver's policy limits were paid to Smith and Smith sought UIM limits on two State Farm automobile policies.  State Farm refused to pay any UIM benefits because it had a legitimate reason to question whether all the injuries claimed by Billy Smith were causally related to the accident and whether Smith had established that he was legally entitled to collect more than the $25,000 already tendered by the other driver's insurance carrier. *See Smith* at 1164 and 1168.  On appeal, the Court ruled that Smith

> had not established the extent of his damage and because State Farm disputed whether all the damages claimed by Smith were attributable to the May 1997 accident, State Farm's decision not to authorize payment for all or part of Smith's UM/UIM benefits could not have amounted to bad faith.

---

[1] For brevity sake, Defendant State Farm incorporates, as though fully set forth herein, the factual allegations and legal arguments set forth in its Motion to Dismiss [Doc. 2].

Defendant State Farm contends that the *Smith* holding confirms that until liability is fixed, the insured proves the extent of his damages and that he is legally entitled to collect, an allegation of bad faith can not be sustained against a UIM insurer. Said contention is vastly supported by the legal citations set forth above. As ascertainable from the factual allegations set forth in State Farm's Motion to Dismiss [Doc. 2] in the present case, Plaintiff has yet to fix liability on the part of the other driver, to establish his damages and prove that he is "legally entitled to collect" the damages beyond what he has received from the other driver's insurance carrier and the MPC benefits of $5,000 tendered by State Farm.

The prerequisites for maintaining a bad faith claim against State Farm regarding his UIM claim have not been met; therefore, Plaintiff's causes of action are not ripe for adjudication. Defendant State Farm concedes that Plaintiff does have a valid cause of action for UIM benefits; however, asserting breach of contract and bad faith is the improper avenue for asserting said claim given the numerous opinions rendered by the courts on this issue.

B.    **Plaintiff's Third Theory**

Plaintiff's third theory appears to contend that liability of the other driver was fixed because State Farm somehow waived its right to contest the UIM benefits Plaintiff seeks. Plaintiff's response asserts that State Farm allegedly did not question the severity of Plaintiff's losses or otherwise dispute Plaintiff's damages prior to

consenting to the settlement and waiving subrogation; therefore, liability is fixed and State Farm is precluded from contesting Plaintiff's claim for UIM benefits. First and foremost, said factual assertion that State Farm did not dispute Plaintiff's damages is absolutely incorrect and Plaintiff has failed to present any evidence to this Court in his response to support said assertion. Secondly, Plaintiff relies in error on the *Pontius* decision to support this premise. Defendant State Farm is not aware of any case law which would support Plaintiff's argument. Therefore; State Farm has not waived any right to question whether the damages claimed by Plaintiff are all or in part causally related to the accident made the basis of this lawsuit.

It is the contention of State Farm that simply alleging that liability has been fixed and damages established does not equate to a legal finding that the other driver was liable, that the other driver was liable for all the damages claimed by Plaintiff and that Plaintiff's damages exceed the policy limits paid by the other driver's insurance carrier and the MPC benefits paid by State Farm. Plaintiff is attempting to take a detour around the law which requires, in the UM/UIM context, that liability be fixed and damages established before a breach of contract and/or bad faith allegation is ripe for adjudication against his insurer. (*See Pontius*, *Shelter*, *LeFevre*, *Bowers* and *Quick* cited above.) Where there is a legitimate dispute between the insurer and insured regarding the amount of liability of a UM/UIM motorist, the insurer cannot be liable for bad faith. *Smith*, 956 So.2d at 1170 (quoting *LeFevre*, So.2d at 162).

## <u>CONCLUSION</u>

Alabama law supports that a UM/UIM insurer cannot be guilty of breach of contract and/or bad faith until such time that liability of the uninsured driver is fixed, that the insured establishes the extent of those damages and that he is legally entitled to collect those damages. Further, there can be no bad faith on the part of an insurer where there is a legitimate dispute of whether the insured is legally entitled to collect from the other driver damages beyond the settlement already received from the other driver's insurance carrier. Based on the holding in *Smith*, Plaintiff's claims are due to be dismissed; specifically bad faith.


/s/Michael B. Beers
**MICHAEL B. BEERS [BEERM4992]**
**CONSTANCE T. BUCKALEW [BUCKC3785]**
**ANGELA TAYLOR BAKER [TAYLA2713]**
Attorneys for Defendant State Farm Mutual Automobile Insurance Company


**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maricia Woodham
M. Wayne Sabel
**Sabel & Sabel, P.C.**
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106

on this the 12th day of October, 2007.

/s/Michael B. Beers
Of Counsel