IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MALCOLM HERRING, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07-cv-823-MEF |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | )   (WO) |
| INSURANCE COMPANY, | ) |
| | ) |
|    Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant State Farm's Motion to Dismiss (Doc. # 2), filed September 13, 2007. Plaintiff Malcolm Herring ("Herring") has sued State Farm for breach of contract and bad faith in failing to pay benefits on an underinsured motorist claim Herring filed. State Farm has moved to dismiss the Complaint on the ground that Herring's claims are not ripe for adjudication. After careful review of the submissions made by the parties, this Court finds that State Farm's Motion to Dismiss is due to be DENIED.

## II. RULE 12(B)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim,

the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true). Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III.  FACTS AND PROCEDURAL HISTORY

The allegations in the complaint establish the following facts. On August 2, 2005, Herring was driving a 1995 Chevrolet Suburban south on Perry Hill Road. At this time, David Hooks ("Hooks"), negligently and/or wantonly drove his vehicle such that it collided with a vehicle being driven by Nancy Beeman ("Beeman"). This collision caused Beeman's vehicle to collide with Herring's vehicle. As a result of this collision, Herring suffered several severe injuries and medical expenses.

Hooks insurance coverage was limited to $20,000, which Hook offered as a settlement for Herring's claims against him. This amount was not sufficient to cover all of Herring's damages, so Herring notified his insurance provider, State Farm, of the settlement offer and provided all medical records and other documentation related to the accident. Herring also notified State Farm that if it approved the settlement, he would file a claim with State Farm under his underinsured motorist insurance coverage.

On April 10, 2007, State Farm approved Hooks' settlement offer and waived its subrogation rights. However, State Farm ultimately rejected Herring's underinsured motorist claim.

This claim was originally filed in the Circuit Court of Montgomery County on July 30, 2007. On September 13, 2007, State Farm filed Notice of Removal in this Court basing jurisdiction on 28 U.S.C. § 1332 (diversity).

## IV. DISCUSSION

State Farm argues that Herring's claims are not ripe and are due to be dismissed. State Farm bases its argument on the Alabama Supreme Court rulings in *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557 (Ala. 2005), and *LeFevre v. Westberry*, 590 So. 2d 154 (Ala. 1991). In an underinsured motorist claim, the insured is not entitled to payment on a claim unless he can show that he is "legally entitled" to collect from the underinsured motorist. *See LeFevre*, 590 So. 2d at 159. In other words, the insured must be able to show fault on the part of the underinsured motorist and the extent of the damages to which he is

entitled. *See id.* Moreover, the State of Alabama recognizes the doctrine of bad faith in underinsured motorist claims. *See id.* at 160. A delay in payment on an underinsured motorist claim does not rise to the level of bad faith if there is a "bona fide dispute" on the issue of liability of the underinsured motorist, or damages. *See id.* at 161. If the insurer refuses to settle with the insured, such refusal must be reasonable. *See id.*

This Court finds that dismissal of the Complaint against State Farm is not warranted at this early stage in the litigation. Because the Court is ruling on a motion to dismiss, it must assume all well-pleaded facts in the Complaint are true and view them in the light most favorable to the plaintiff. *See Am. United Life Ins. Co.*, 480 F.3d at 1057. Here, Herring has pled sufficient facts to survive a motion to dismiss. Herring's factual allegations are sufficient to raise a right to relief above a speculative level. *Twombly*, 127 S. Ct. at 1965.

In *LeFevre*, a case relied upon by State Farm, the Alabama Supreme Court affirmed the trial court's entry of summary judgment on a claim for bad faith in favor of an insurer because the Court found that there was a "legitimate dispute" concerning the amount of damages the plaintiff was entitled to under the claim. *See id.* at 162. However, the fact that the procedural posture of *LeFevre* was a summary judgment ruling is enough to distinguish it from this case. State Farm also cites *Pontius*, which affirmed a dismissal of an insured's breach of contract and bad faith claims on ripeness grounds. *See Pontius*, 915 So. 2d at 564-65. However, in *Pontius*, when the trial court dismissed for lack of jurisdiction, the plaintiff was, at that time, still involved in active litigation with the uninsured motorist on the issue

of liability. This case is therefore distinguishable because the conduct giving rise to Herring's claims against State Farm occurred after Herring settled his dispute with the underinsured motorist. *See id.* at 565 ("We recognize that Pontious has *now* resolved her underlying lawsuit against the [uninsured motorist]. . . . [A]ny claims alleging bad-faith failure to pay an insurance claim or breach of contract based on State Farm's failure to pay UIM benefits must be based on conduct arising after . . . liability was established and damages fixed." (emphasis added)).

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc # 2) is DENIED.

DONE this the 19th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).