IN THE CIRCUIT UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MALCOLM HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07-cv-823 |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, d/b/a STATE FARM | ) | |
| INSURANCE COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT STATE FARM
## MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW    Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm")  and for answer to Plaintiff's  Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

1.    Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 1 of Plaintiff's Complaint, and therefore denies said allegations.

2.    Defendant State Farm denies the allegations in ¶ 2 of Plaintiff's Complaint and avers that Defendant State Farm is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

3.     Defendant State Farm admits the allegations of ¶ 3 of Plaintiff's Complaint that this Court has jurisdiction over the subject and the parties in this Complaint.

4.     Defendant State Farm admits the allegations in ¶ 4 of Plaintiff's Complaint to the extent that this action arose within Montgomery County, Alabama; however, this matter was properly removed to this Court.

5.     Defendant State Farm admits the allegations in ¶ 5 of Plaintiff's Complaint.

6.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 6 of Plaintiff's Complaint and, therefore denies said allegations.

7.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 7 of Plaintiff's Complaint and, therefore denies said allegations.

8.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 8 of Plaintiff's Complaint and, therefore denies said allegations.

9.      Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 9 of Plaintiff's Complaint and, therefore denies said allegations.

10.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 10 of Plaintiff's Complaint and, therefore denies said allegations.

11.     Defendant State Farm admits the allegation in  ¶ 11 of Plaintiff's Complaint that Hooks had a policy of liability with GMAC with limits of $20,000.

12.     Defendant State Farm denies the allegations in ¶ 12 of Plaintiff's Complaint.

13.     Defendant State Farm admits the allegations in ¶ 13 of Plaintiff's Complaint that GMAC offered to pay to Plaintiff the policy limits of Hook's policy.

14.     Defendant State Farm admits the allegations in ¶ 14 of Plaintiff's Complaint.

15.     Defendant State Farm denies the allegations in ¶ 15 of Plaintiff's Complaint.

16.     Defendant State Farm admits the allegations in ¶ 16 of Plaintiff's Complaint to the extent that the State Farm insurance policies 4792-844-01C and

6060-482-01B were in force on the date of the accident. All other remaining allegations are denied.

17.     Defendant State Farm admits the allegations in ¶ 17 of Plaintiff's Complaint to the extent that Plaintiff provided State Farm with medical records and documentation related to the collision and damages and that Counsel for Plaintiff represented to State Farm that there were no more medical records to submit. All remaining allegations are denied.

18.     Defendant State Farm admits the allegations in ¶ 18 of Plaintiff's Complaint to the extent that State Farm approved Plaintiff's settlement against Hooks and waived its subrogation rights. All remaining allegations are denied.

19.     Defendant State Farm admits the allegations in ¶ 19 of Plaintiff's Complaint.

20.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 20 of Plaintiff's Complaint, and therefore denies said allegations.

21.     Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 21 of Plaintiff's Complaint, and therefore denies said allegations.

22.    Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 22 of Plaintiff's Complaint, and therefore denies said allegations.

23.    Defendant State Farm possesses insufficient information to admit or deny the allegations in ¶ 24 of Plaintiff's Complaint, and therefore denies said allegations.

24.    Defendant State Farm denies the allegations in ¶ 24 of Plaintiff's Complaint.

25.    Defendant State Farm admits the allegations in ¶ 25 of Plaintiff's Complaint to the extent that based on all the medical records and documents presented by Plaintiff's counsel and the $20,000 settlement Plaintiff received from Hook's insurance carrier that a underinsured motorist payment would not be warranted.  All remaining allegations are denied.

26.    Defendant State Farm incorporates and re-alleges all prior admissions, denials and responses set out to the specific allegations contained in the previous mentioned paragraphs.

27.    Defendant State Farm admits the allegation in  ¶ 27 of Plaintiff's Complaint.

28.     Defendant State Farm admits the allegations in ¶ 28 of Plaintiff's Complaint.

29.     Defendant State Farm admits the allegations in ¶ 29 of Plaintiff's Complaint.

30.     Defendant State Farm denies the allegations in ¶ 30 of Plaintiff's Complaint.

31.     Defendant State Farm denies the allegations in ¶ 31 of Plaintiff's Complaint.

32.     Defendant State Farm denies the allegations in ¶ 32 of Plaintiff's Complaint.

33.     Defendant State Farm denies the allegations in ¶ 33 of Plaintiff's Complaint.

34.     Defendant State Farm denies the allegations in ¶ 34 of Plaintiff's Complaint.

35.     Defendant State Farm denies the allegations in ¶ 35 of Plaintiff's Complaint.

36.     Defendant State Farm denies the allegations in ¶ 36 of Plaintiff's Complaint.

37.    Defendant State Farm denies the allegations in ¶ 37and ¶ 37 A. thru B. of Plaintiff's Complaint.

38.    Defendant State Farm denies the allegations in ¶ 38(this paragraph was marked as ¶35 in error) of Plaintiff's Complaint.

Defendant State Farm denies each and every material allegation of Plaintiff's Complaint that is not specifically admitted and demands strict proof thereof and denies the relief demanded by Plaintiff in its addendum clause.

For further answer unto the Plaintiff's Complaint and in response thereto, Defendant State Farm  pleads the following:

### First Defense

Defendant State Farm alleges Plaintiff's  Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant State Farm pleads the general issue and denies each and every material allegation of Plaintiff's Complaint not herein admitted and demands strict proof thereof.

### Third Defense

Defendant State Farm affirmatively avers the terms and conditions of the insurance policy upon which the Plaintiff bases his claim and denies any allegations

which contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy and/or policies.

### Fourth Defense

Defendant State Farm affirmatively denies that it is estopped from asserting any conditions precedent, conditions subsequent, or coverage as affirmative defenses to the Plaintiff's claims.

### Fifth Defense

Defendant State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiff's claims.

### Sixth Defense

Defendant State Farm affirmatively denies that it breached the contract of insurance and demands strict proof thereof.

### Seventh Defense

Defendant State Farm affirmatively denies that the $20,000 Plaintiff received from the settlement with Hooks' insurance carrier was  insufficient to compensate Plaintiff for his alleged injuries and demands strict proof thereof.

## Eighth Defense

Defendant State Farm affirmatively denies that it intentionally refused and failed to pay Plaintiff's claim and denies that it denied same without lawful justification as alleged and demands strict proof thereof.

## Ninth Defense

Defendant State Farm affirmatively denies that its denial of benefits under the policy or policies of insurance was not based upon any reasonably legitimate, arguable or debatable reason as alleged and demands strict proof thereof.

## Tenth Defense

Defendant State Farm affirmatively denies that it knew there was no legitimate, arguable, or debatable reason for denying the claim as alleged and demands strict proof thereof.

## Eleventh Defense

Defendant State Farm affirmatively denies that it intentionally failed to determine whether or not there was any lawful basis for its refusal to pay as alleged and demands strict proof thereof.

## Twelfth Defense

Defendant State Farm affirmatively denies that it acted in bad faith as alleged and demands strict proof thereof.

## Thirteenth Defense

Defendant State Farm affirmatively denies that it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with Plaintiff as alleged and demands strict proof thereof.

## Fourteenth Defense

Defendant State Farm expressly denies the existence of any error, bad judgment, or negligence in any way connected with the handling of Plaintiff's claim and in any decision which might have been made to dispute any coverages under the insurance contract.

## Fifteenth Defense

Defendant State Farm affirmatively avers that there was no absence of a legitimate or arguable reason for the denial of any benefits claimed under the policy by Plaintiff.

## Sixteenth Defense

Defendant State Farm affirmatively avers that there was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further that said Defendant is unaware of a conscious wrongdoing of any kind in the adjustment of Plaintiff's claim made the basis of this suit.

**Seventeenth Defense**

Defendant State Farm affirmatively denies that it breached an obligation of good faith and fair dealing as alleged and demands strict proof thereof.

**Eighteenth Defense**

Defendant State Farm affirmatively denies that it engaged in a course of conduct to further its own economic interests as alleged and demands strict proof thereof.

**Nineteenth Defense**

Defendant State Farm avers that Plaintiff was adequately compensated by the $20,000 he received from the settlement with Hooks' insurance and, therefore, Plaintiff is not entitled to receive underinsured motorist benefits provided by the policy.

**Twentieth Defense**

Defendant State Farm avers that Plaintiff has failed to establish that he is legally entitled to collect underinsured motorist benefits as required by Alabama law and the language of the insurance contract made the basis of this suit.

### Twenty-First Defense

Defendant State Farm avers that Plaintiff has failed to establish, as required by Alabama law and the insurance contract language, that his damages exceed the settlement received from Hooks' insurance.

### Twenty-Second Defense

Defendant State Farm affirmatively denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### Twenty-Third Defense

Defendant State Farm denies it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

### Twenty-Fourth Defense

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### Twenty-Fifth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## **Twenty-Sixth Defense**

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## **Twenty-Seventh Defense**

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

## **Twenty-Eighth Defense**

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

**Twenty-Ninth Defense**

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

**Thirtieth Defense**

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**Thirty-First  Defense**

Any award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

**Thirty-Second  Defense**

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

**Thirty-Third  Defense**

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), *BMW v. Gore*,

517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996),  *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001)  and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a)    It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b)    It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)    It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d)    It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

### Thirty-Fourth Defense

Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to CODE OF ALABAMA § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

-16-

**DONE** this the 4th day of March, 2008.

        /s /  Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
**MICHAEL B. BEERS [BEERM4992]**
**ANGELA TAYLOR BAKER [TAYLA2713]**
Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Maricia Woodham
        M. Wayne Sabel
        **Sabel & Sabel, P.C.**
        Hillwood Office Center
        2800 Zelda Road, Suite 100-5
        Montgomery, Alabama 36106

on this the 4th day of March, 2008.

         /s/  Micheal S. Jackson
        **OF COUNSEL**

-17-